IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE, INC.; JOHN LOWN d/b/a LOWN RETIREMENT PLANNING; DAVID MESSING; MILES FINANCIAL SERVICES, INC.; JON BELLMAN d/b/a BELLMAN FINANCIAL; GOLDEN AGE INSURANCE GROUP, LLC; PROVISION BROKERAGE, LLC; and V. ERIC COUCH,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR and MARTIN J. WALSH, SECRETARY OF LABOR,<br><br>*Defendants.* | C.A. No. 3:22-cv-00243-K-BN |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Federation of Americans for Consumer Choice, Inc. ("FACC"), John Lown d/b/a Lown Retirement Planning, David Messing, Miles Financial Services, Inc., Jon Bellman d/b/a Bellman Financial, Golden Age Insurance Group, LLC, ProVision Brokerage, LLC and V. Eric Couch (collectively, the "Agents" and together with FACC the "Plaintiffs") move for summary judgment on their claims against Defendants, and state:

### I. SUMMARY

In 2016, the United States Department of Labor ("DOL") promulgated a series of new rules and related "prohibited transaction exemptions" ("PTEs") that significantly

reinterpreted and broadened who would be considered an "investment advice fiduciary" for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Internal Revenue Code ("Code"), 26 U.S.C. § 1, *et seq*. 81 Fed. Reg. 20946 (April 8, 2016). These new rules and exemptions (collectively, the "2016 Fiduciary Rule") were challenged under the Administrative Procedures Act ("APA"), 5 U.S.C. § 500, *et seq.*, and in 2018 the United States Court of Appeals for the Fifth Circuit vacated the 2016 Fiduciary Rule *in toto*. *Chamber of Commerce of United States of Am. v. United States Dep't of Labor*, 885 F.3d 360, 388 (5th Cir. 2018).

In response, the DOL has now adopted a new PTE, No. 2020-02 (the "Revised Exemption"), which is accompanied by a 64-page preamble setting forth the DOL's new interpretation of who is an investment advice fiduciary (the "New Interpretation"). *See* 85 Fed. Reg. 82798, *et seq*. (Dec. 18, 2020); AR 1-69.[1] Plaintiffs have filed this action under the APA to challenge the New Interpretation. Plaintiffs allege that the New Interpretation carries forward the core problem the Fifth Circuit identified in vacating the 2016 Fiduciary Rule the first time. Specifically, Plaintiffs allege that: (1) DOL has exceeded its authority by expanding the definition of a fiduciary under ERISA and the Code; and (2) the New Interpretation is arbitrary and capricious. Plaintiffs now move for summary judgment on their claims to vacate the New Interpretation. Under the APA, the Court may vacate a final

---

[1] Plaintiffs will refer in this motion and their accompanying brief to evidence included in the appendix filed contemporaneously herewith [Doc. 21] by page numbers without initial zeros, *e.g.*, "APP 35." The Administrative Record in this case will be cited as "AR" followed by the page number to which reference is made. An index of the Administrative Record was filed on April 22, 2022 [Doc. 18] and pursuant to the order establishing the briefing schedule herein [Doc. 16], a joint appendix containing the portions of the Administrative Record cited by the parties will be filed on or before November 25, 2022.

---

agency action taken by the DOL if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## II. UNDISPUTED FACTS

The following facts are undisputed and establish Plaintiff's right to judgment as a matter of law.

1. In 1975, shortly after ERISA was enacted, the DOL promulgated a regulation that established the five-part test for determining who is an investment advice fiduciary under ERISA and the Code. 40 Fed. Reg. 50842 (Oct. 31, 1975). The 1975 rule provided that an investment advice fiduciary is one who (1) "renders advice...or makes recommendation[s] as to the advisability of investing in, purchasing, or selling securities or other property" (2) "on a regular basis" (3) "pursuant to a mutual agreement...between such person and the plan" that (4) "will serve as a primary basis for investment decisions with respect to plan assets," and that (5) "such person will render individualized advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments." 29 C.F.R. § 2510.3-21(c)(1).

2. Beginning in 2010, DOL set out to change the five-part test, culminating in adoption of the 2016 Fiduciary Rule. The 2016 Fiduciary Rule was a "package of seven different rules that broadly reinterpret[ed] the term 'investment advice fiduciary' and redefine[d] exemptions to provisions concerning fiduciaries" for purposes of ERISA and the Code. *Chamber of Commerce*, 885 F.3d at 363. Specifically, the DOL replaced the 1975 rule and effectively sought to redefine who was an investment advice fiduciary to

include anyone who rendered investment advice for a fee to an ERISA plan or IRA owner. *See* 81 Fed. Reg. at 10946; *see generally Chamber of Commerce*, 885 F.3d at 369.

3.  The Fifth Circuit vacated the 2016 Fiduciary Rule *in toto* in *Chamber of Commerce*. *Id.* at 388. The court held that the 2016 Fiduciary Rule significantly expanded and conflicted with the statutory definition of fiduciary in ERISA and the Code, and the DOL therefore lacked the authority to promulgate it. *Id.* at 379. The Court likewise held that the 2016 Fiduciary Rule was an unreasonable interpretation of the statutory text and thus arbitrary and capricious within the meaning of the APA. *Id.* at 387-88.

4.  On July 7, 2020, the DOL proposed a new PTE to be made available to "registered investment advisers, broker-dealers, banks, insurance companies, and their employees, agents, and representatives." AR 70. The same day, the DOL issued a technical amendment to 29 C.F.R. 2510-3.21 to remove the amendments to the 1975 rule that it had made in the 2016 Fiduciary Rule and to reinstate the text of the five-part test. AR 102-07.

5.  Thereafter, on December 18, 2020, the DOL promulgated the Revised Exemption. AR 65-69. The Revised Exemption was accompanied by a lengthy preamble setting forth the DOL's New Interpretation of how the five-part test for investment advice fiduciaries is to be applied, as well as reversing a longstanding position of the DOL that recommendations pertaining to rollovers from Title I plans to IRAs were not considered fiduciary investment advice under ERISA. AR 1-64. Although the Revised Exemption and New Interpretation became effective 60 days after publication in the Federal Register, the DOL extended its policy of suspending enforcement of the prohibited transaction rules under a Field Assistance Bulletin, FAB 2018-02, through December 20, 2021. AR 48. The

DOL then subsequently extended the temporary enforcement policy of FAB 2018-02 through January 31, 2022. AR 108-11.

6. The Agents are all licensed independent insurance agents in the State of Texas. APP 3, 6, 8, 10, 13, 15, 18. The Agents are actively engaged in assisting clients with, among other things, the purchase of financial products in connection with retirement planning. *Id.*

7. The Agents have, as part of their business, oftentimes made rollover recommendations for purchase of annuities to IRA owners and participants in employer-sponsored 401k and similar benefit plans, for which they receive commissions or other compensation from annuity issuers. APPR 3-17. The Agents are therefore directly and adversely affected by the DOL's New Interpretation, which suddenly categorizes their status as investment advice fiduciaries under ERISA or the Code, as applicable. *Id.* Due to the overinclusive reach of the New Interpretation, the Agents for the first have had to comply with the requirements of a PTE in rollover transactions and to consider 401k rollovers in particular as subjecting them to the requirements of ERISA. *Id.*

8. Complying with the New Interpretation and the requirements of a necessary PTE have subjected the Agents to additional compliance requirements, such as additional disclosures and documentation, potential liability under ERISA, and potential enforcement actions by the DOL. APP 3-4, 6-11, 13-17. As a result of these additional compliance requirements and potential liability under ERISA, the Agents have had to adopt new and burdensome procedures and documentation for tax-qualified annuity sales. *Id.* Moreover, these additional compliance requirements have led to a diminution in their sales of tax-

qualified annuities because in certain instances they have either have had to decline offering annuities for sale due to concerns of satisfying ERISA requirements under the New Interpretation, or potential consumers have declined to purchase annuities based on concerns over the PTE disclosures necessary to comply with the New Interpretation. APP 4, 7, 9, 11, 14, and 16. The New Interpretation and efforts to comply with a PTE have thus already directly harmed, and threaten further harm, to the Agents' financial interests. *Id.* at APP 4-5, 7, 9, 11-12, 14, 16-17.

9.    FACC is nonprofit corporation organized and existing under the laws of the State of Texas. APP 18. FACC is a trade organization whose members are independent marketing organizations, insurance agents, and agencies that market fixed insurance products including traditional fixed rate annuities and fixed indexed annuities. *Id.* As a result of the New Interpretation, FACC's is aware of its members who have had to undertake substantial new compliance requirements, such as additional disclosures and documentation, to comply with a PTE, as well as FACC members who have stopped selling tax-qualified annuity products altogether because of the New Interpretation. APP 19-20.

### III. CONCLUSION

For the reasons set forth in Plaintiffs' Brief in Support of Motion for Summary Judgment [Doc. 20], the Court should grant this motion and enter judgment: (1) declaring that the New Interpretation was promulgated by the DOL in excess of its statutory jurisdiction, authority, or limitations within the meaning of 5 U.S.C. § 706(2)(C) and is arbitrary, capricious, or otherwise contrary to law within the meaning of 5 U.S.C. § 706(2)(A); (2) vacating and setting aside the New Interpretation in its entirety; and (3)

permanently enjoining the DOL and all of its officers, employees and agents from implementing, applying, or taking any action of any type under the New Interpretation anywhere within the DOL's jurisdiction.

Dated: July 15, 2022

Respectfully submitted,

By: */s/ Don Colleluori*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Don Colleluori
Texas Bar No. 04581950
don.colleluori@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
T: (214) 939-2000
F: (214) 939-2090

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that, on July 15, 2022, this document was served by email on all parties and/or attorneys of record in this matter through the Court's CM/ECF filing system.

*/s/ Don Colleluori*
Don Colleluori