UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE, INC.; JOHN LOWN d/b/a LOWN RETIREMENT PLANNING; DAVID MESSING; MILES FINANCIAL SERVICES, INC.; JON BELLMAN d/b/a BELLMAN FINANCIAL; GOLDEN AGE INSURANCE GROUP, LLC; PROVISION BROKERAGE, LLC; and V. ERIC COUCH, <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF LABOR, and MARTIN J. WALSH, SECRETARY OF LABOR, <br><br>Defendants. | Civil Action No. 3:22-cv-00243-K |

**DEFENDANTS' CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants United States Department of Labor and Martin J. Walsh, in his official capacity as Secretary of Labor, hereby move to dismiss Plaintiffs' Complaint for lack of jurisdiction or, in the alternative, for summary judgment.

**SUMMARY**

The Department of Labor has statutory authority under the Employee Retirement Income Security Act of 1974 ("ERISA") to protect Americans' retirement savings. As part of this authority, ERISA authorizes the Secretary of Labor to grant exemptions that would allow fiduciaries to certain ERISA-qualified retirement plans to receive compensation that would otherwise be prohibited as self-dealing. *See* 29 U.S.C. § 1108(a). Pursuant to this authority, the Department adopted Prohibited Transaction Exemption 2020-02, 85 Fed. Reg. 82798 (December

1

18, 2020) ("the Exemption" or "PTE 2020-02"), after publishing a notice in the Federal Register, soliciting comments from interested parties (including Plaintiff FACC), and holding a public hearing. The Exemption's preamble addressed, among other things, the comments received regarding financial advice provided to retirees in the context of rollovers from ERISA plans to Individual Retirement Accounts ("IRAs") and set forth the Department's interpretation of when such advice would meet the statutory and regulatory definition of fiduciary investment advice, based on the operative test for fiduciary investment advice as spelled out in a 1975 Regulation, *see* 29 C.F.R. §2510.3-21(c)(1) ("the 1975 Regulation").

On February 2, 2022, Plaintiffs filed the instant Complaint challenging the Department's interpretation as exceeding the Department's statutory authority, and further alleges that the interpretation violates the Administrative Procedure Act. Plaintiff's Complaint, *see* ECF No. 1, and Motion for Summary Judgment, *see* ECF Nos. 19-21, also alleges that the Department's interpretation is in tension with a 2018 ruling by the Fifth Circuit, *Chamber of Commerce v. Department of Labor*, 885 F.3d 360 (5th Cir. 2018), which vacated a prior Department rulemaking.

**RESPONSE TO PLAINTIFFS' STATEMENT OF UNDPISUTED FACTS/COUNTER-STATEMENT OF UNDISPUTED FACTS**

Defendants hereby state the following in response to Plaintiffs' Statement of Undisputed Facts, *see* ECF No. 19.

1. Defendants agree that in 1975 the Department promulgated a regulation that established the five-part test for determining who is an investment advice fiduciary under ERISA and the Code, *see* 40 Fed. Reg. 50842 (Oct. 31, 1975), and agrees with Plaintiffs' recitation of the elements of that test.

2. Defendants agree that beginning in 2010, and culminating with the 2016 Fiduciary Rule, the Department promulgated a new regulation that changed the definition of "fiduciary" from the Department's prior interpretation of that term as used in ERISA and the code.

3. Defendants agree that, among the legal problems that the Fifth Circuit identified with the 2016 Fiduciary Rule, one element of the court's reasoning was that the Department had changed the definition of fiduciary, which contributed to the court vacating the 2016 Rule. Defendants agree that the court found that the Department lacked the authority to promulgate the 2016 Fiduciary Rule and that the Rule was arbitrary and capricious within the meaning of the APA. *See Chamber of Commerce*, 885 F.3d at 387-88.

4. Defendants agree that, on July 7, 2020, the Department proposed a new PTE to be made available to "registered investment advisers, broker-dealers, banks, insurance companies, and their employees, agents, and representatives." AR 70. The Department also agrees that on that same day, the Department issued a technical amendment to 29 C.F.R. 2510-3.21 to remove the amendments to the 1975 rule that it had made in the 2016 Fiduciary Rule and to reinstate the text of the five-part test. AR 102-07.

5. Defendants agree that, on December 18, 2020, the Department promulgated a new Exemption, *see* AR 65-69, and included a preamble discussing its reasoning for promulgating the Exemption, including the Department's interpretation of the application of the 1975 five-part test to rollovers. At the time, the Department announced that Field Assistance Bulletin (FAB) 2018-02, a temporary enforcement policy providing prohibited transaction relief to investment advice fiduciaries, would remain in effect until December 20, 2021. On October 25, 2021, the Department issued FAB 2021-02, which provided an additional period of prohibited transaction relief through January 31, 2022. AR 2, 108-11.

6. Defendants lack knowledge sufficient to form a belief as to the truth of these allegations.

7. As noted in Defendants' accompanying brief, Plaintiffs have not established that they are "directly and adversely affected by the DOL's New Interpretation." Defendants therefore disagree with Plaintiffs' statements in this paragraph, which are legal conclusions inappropriate for a statement of facts.

8. As noted in Defendants' accompanying brief, Plaintiffs have not established by affidavit evidence that they are subject "to additional compliance requirements" or that have "had to adopt new and burdensome procedures and documentation for tax-qualified annuity sales." Defendants therefore disagree with Plaintiffs' statements in this paragraph, including allegations of harm and injury, which are legal conclusions inappropriate for a statement of facts.

9. Defendants lack knowledge sufficient to form a belief as to the truth of these allegations. Moreover, insofar as Plaintiffs assert a legal conclusion in this paragraph that FACC is "aware of its members who have had to undertake substantial new compliance requirements, such as additional disclosures and documentation, to comply with a PTE," that assertion is a legal conclusion that is inappropriate for a statement of facts, and in any event Defendants disagree with that assertion.

Additionally, the following facts are undisputed and help to establish Defendants' right to judgment as a matter of law or, in the alternative, to dismissal of Plaintiffs' complaint for lack of jurisdiction.

1. The 2016 Fiduciary Rule included a Best Interest Contract Exemption (BICE), which created a new exemption for fixed index and variable annuities, and allowed fiduciaries to receive commissions on the sale of such annuities only if they adhered to certain conditions,

including signing a written contract with IRA owners that contained enumerated provisions. *See Best Interest Contract Exemption (Final BICE)*, 81 Fed. Reg. 21,002 (Apr. 8, 2016).

2. The Fifth Circuit held that the 2016 Fiduciary Rule impermissibly created a private right of action that permitted IRA owners to sue the Investment Advisor or broker under the BICE. *See Chamber of Commerce*, 885 F.3d at 384.

3. The 2016 Fiduciary Rule prohibited brokers and retirement advisors from including binding arbitration clauses in their contracts with Retirement Investors. The Fifth Circuit held that this aspect of the 2016 Fiduciary Rule conflicted with the Federal Arbitration Act. *See Chamber*, 885 F.3d at 385.

4. The 2016 Fiduciary Rule amended PTE 84-24, which the Fifth Circuit likewise found unlawful. *Chamber*, 885 F.3d at 367.

5. Following the Fifth Circuit's ruling, PTE 84-24 was reinstated and is available to insurance companies, brokers, and agents. Plaintiffs concede in their brief in support of their Motion for Summary Judgment, *see* FACC Br. at 41 n. 11, that they will "likely" avail themselves of PTE 84-24 instead of the Exemption at issue in this case.

## CONCLUSION

For the reasons set forth in Defendants' accompanying brief, this Court should either dismiss this lawsuit for lack of jurisdiction or, if it finds that jurisdiction exists, grant summary judgment to Defendants, and deny Plaintiffs' Motion for Summary Judgment.

Dated: September 2, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

s/ Galen N. Thorp
GALEN N. THORP
Senior Trial Counsel
ALEXANDER N. ELY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Washington, DC 20005
Tel: (202) 993-5177; Fax: (202) 616-8470
alexander.n.ely@usdoj.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants.

/s/ Galen N. Thorp
Galen N. Thorp

*Counsel for Defendants*

6