IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN J. WALSH, SECRETARY OF LABOR, and UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendants. | Civil Action No. 3:22-cv-00243-K-BT |

### RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to the Court's Minute Order of March 10, 2023, *see* ECF No. 62, Defendants respond to Plaintiffs' Notice of Supplemental Authority, *see* ECF No. 61, concerning *American Securities Association v. U.S. Department of Labor*, No. 8:22-cv-330, 2023 WL 1967573 (M.D. Fla. Feb. 13, 2023) ("*ASA*").

1.  The *ASA* court's analysis is limited to an interpretative guidance document that the Dpeartment of Labor published on its website (a series of Frequently Asked Questions), *see* AR 1346-1361, specifically FAQ 7, which is a concise summary of the Department's interpretation of the "regular basis" prong of the 1975 five-part test contained in the Preamble. The Court found that the policy referenced in FAQ 7 was arbitrary and capricious, but did not consider the analysis contained in the Preamble, which discusses the Department's interpretation of the relevant regulatory text at far greater length and includes issues not discussed in FAQ 7. Because the Florida plaintiff did not challenge the Department's interpretation of any other elements of the five-part test, even though those elements are addressed by other FAQs in the same document, the

court did not address any of the remaining elements of the five-part test.[1] Thus, the Florida court only addressed a narrow subset of the issues before the Court here.

        2.      With respect to the "regular basis" element of the 1975 regulation, the Florida court's analysis is rooted in a fundamental legal error: it continually refers to Title II plans (IRAs) as "non-ERISA plans" or containing "non-ERISA assets." *ASA*, 2023 WL 1967573, at *16; *see also id.* at * 17 ("after the rollover, any future advice will be with respect to *a new non-ERISA plan, such as an IRA* that contains new assets from the rollover.") (emphasis added). As explained at length in the briefing and argument before this Court, both Title I and Title II were enacted as parts of ERISA in 1974, both include identical "fiduciary" definitions, and since 1984 both have been subject the Department's regulatory and interpretive authority. *See* Gov't Opening Br. at 6-7, ECF No. 40; Gov't Reply Brief at 9 n.5, ECF No. 55. *See also* Oral Argument Transcript (Jan. 24, 2023), at 59:2-5 (noting that "both Title I and Title II plans are tax-advantaged ERISA plans" that "were both set up by the same statute"); *id.* at 60:4-9 ("[T]he Department of Labor doesn't have the same enforcement authority with respect to levying of fines with Title I plans and Title II plans, but the Department does, through the reorganization plan, have interpretive, exemptive and administrative rulemaking authority [over Title II], including the authority to interpret and define technical and trade terms."); *id.* at 60:12-16 ("[T]he fact that a rollover moves money from one ERISA plan into an ERISA Title II plan doesn't limit the Department's regulatory authority, including the authority to interpret fiduciary conduct."). Nevertheless, from that mistaken premise,

---

[1] In addition to FAQ 7, Plainitff in that case challenged only FAQ 15, which dealt with the sorts of documentation that that an investment professional should provide to a retirement investor in the course of determining whether a rollover recommendation is in a retirement investor's best interest. *See* AR 1355. The district court upheld FAQ 15, finding that the "type of documentation that FAQ 15 requires is precisely of the nature that a prudent investment advisor would undertake."*ASA*, * 21.  This does not correspond to any challenge by Plaintiffs here.

the ASA court erroneously concluded that "the policy referenced in FAQ 7 departs from [the regulatory] standard by sweeping advice that is not made *to an ERISA plan* into its ambit." *ASA*, 2023 WL 1967573, at *17 (emphasis added).

3.  Therefore, the Florida court's reasoning should be rejected because it is infused with the mistaken conclusion that reasonably-expected ongoing advice to a post-rollover Title II plan "is inherently divorced from the ERISA-governed plan" *ASA*, 2023 WL 1967573, at *17. Instead, the Department's interpretation of the "regular basis" prong as applied to the rollover context is reasonable because (1) the retirement investment advice to make a rollover from a Title I ERISA plan plainly concerns the assets of "the plan", (2) a relationship of trust and confidence can be present in the conversations and advice that lead up to the first transaction, and (3) at the time of the rollover transaction, a reasonable expectation of an ongoing advice relationship that encompasses both the Title I plan from which the assets are moved and the Title II plan or plans to which the assets are rolled over can satisfy the "regular basis" inquiry. *See* Gov't Reply Br. at 9-11. Of course, an advice provider only becomes a fiduciary with regard to each transaction if each prong of the five-part test is satisfied and the advice provider receives compensation from the transaction. *See id.* at 12, 16-19.

4.  Moreover, the *ASA* court's analysis is also unhelpful because it does not address the Department's interpretation of the other elements of the 1975 regulation; does not address the relationship between the current Exemption and Interpretation and the Fifth Circuit's opinion in *Chamber of Commerce v. Department of Labor*, 885 F.3d 360 (5th Cir. 2018); does not discuss the evolving standards in both insurance and securities regulations toward a best interest standard aligned with the approach taken by the Department here; and does not address the scope of relief arguments briefed in this case.

5. The Department is currently considering next steps in the Florida case, including a potential appeal.

Dated: March 20, 2023                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/Alexander N. Ely*
GALEN N. THORP
Senior Trial Counsel
ALEXANDER N. ELY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC  20005
Tel: (202) 993-5177 / Fax: (202) 616-8470
galen.thorp@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

*/s/ Alexander N. Ely*
Alexander N. Ely