IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARTIN J. WALSH, SECRETARY OF LABOR, and UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendants. | Civil Action No. 3:22-cv-00243-K-BT |

**RESPONSE TO PLAINTIFFS' AMENDED NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's Minute Order of May 18, 2023, *see* ECF No. 65, Defendants respond to Plaintiffs' Amended Notice of Supplemental Authority, *see* ECF No. 64, concerning *American Securities Association v. U.S. Department of Labor*, No. 8:22-cv-330, 2023 WL 1967573 (M.D. Fla. Feb. 13, 2023) ("*ASA*"). The Department of Labor ("Department") disagrees with FACC's suggestion that the ASA court's ruling, and the Department's decision not to pursue an appeal of that ruling, renders the interpretation of fiduciary investment advice at issue in this case somehow "unworkable." *See* ECF No. 65. To the contrary, the ASA court's ruling only vacated one discrete aspect of the Department's 2020 Interpretation of the "regular basis" prong of the 1975 five-part test, and did not address the remaining elements of the test, each of which remains lawful and workable for the reasons identified by the Department in its briefing before this court.

1.	The *ASA* court's relevant holding focused exclusively on FAQ 7 in a set of Frequently Asked Questions that the Department published on its website, *see* AR 1346-1361, which provides:

> **Q7. When is advice to roll over assets from an employee benefit plan to an IRA considered to be on a "regular basis"?**
>
> A single, discrete instance of advice to roll over assets from an employee benefit plan to an IRA would not meet the regular basis prong of the 1975 test. However, advice to roll over plan assets can also occur as part of an ongoing relationship or as the beginning of an intended future ongoing relationship that an individual has with an investment advice provider. When the investment advice provider has been giving advice to the individual about investing in, purchasing, or selling securities or other financial instruments through tax-advantaged retirement vehicles subject to ERISA or the Code, the advice to roll assets out of the employee benefit plan is part of an ongoing advice relationship that satisfies the regular basis prong. Similarly, when the investment advice provider has not previously provided advice but expects to regularly make investment recommendations regarding the IRA as part of an ongoing relationship, the advice to roll assets out of an employee benefit plan into an IRA would be the start of an advice relationship that satisfies the regular basis requirement. The 1975 test extends to the entire advice relationship and does not exclude the first instance of advice, such as a recommendation to roll plan assets to an IRA, in an ongoing advice relationship.

AR 1351. The ASA court summarized FAQ 7 as "address[ing] the circumstances under which a first-time provision of advice to roll over assets from a 401(k) into an IRA may be considered fiduciary advice," 2023 WL 1967573, at *8. The ASA court concluded that "the scope of the regular basis inquiry is limited to the provision of advice pertaining to a particular plan," *id.* at *16, and therefore, "the policy referenced in FAQ 7 contradicts the plain language of the rule it purports to interpret" because "after the rollover is complete, any future provision of advice is, by nature, no longer to that ERISA plan." *Id.* at *17.  Thus, according to the ASA court, the policy referenced in FAQ 7 "contradicts [the 1975] regulation to the extent it disposes of the requirement

2

that [regular basis] advice be made *to a particular plan*." *Id.* (emphasis added).[1]

2.  In context, it is clear that the now-vacated "policy referenced in FAQ 7" was the Department's interpretation of the regular basis prong to include anticipated advice from one ERISA plan to another, following the assets that were rolled over. *See id.* * 17 (rejecting policy "to the extent it disposes of the requirement that advice be made to a particular plan"). Thus, the Department's 2020 Interpretation and FAQ 7 are vacated only to the extent that the regular basis test must be satisfied with respect to each ERISA plan about which advice is rendered.

3.  The vacatur of this "policy referenced in FAQ 7" does not undermine the Department's interpretation of the other prongs of the 1975 regulation as applied to rollovers—the "recommendation", "mutual agreement, arrangement, or understanding", "a primary basis", and "individualized investment advice" prongs—or the Department's longstanding interpretation that "compensation, direct or indirect" includes commissions. *See* 29 C.F.R. § 2510.3–21(c)(1); Defs. Br. at 47-51, ECF No. 40; Defs.' Reply at 16-19, ECF No. 55. In the rollover context, these elements can be satisfied with respect to the specific ERISA plan and transaction. In other words, the ASA court's holding that the regulation requires that advice "be made to a particular plan" is consistent with the Department's interpretation about when a rollover can be a recommendation regarding the disposition of plan assets, with individualized investment advice based on the particular needs of the plan, with a mutual understanding that the advice will serve as a primary

---

[1] As previously explained by the Department, *see* ECF No. 63, the ASA court clearly erred in referring to Title II plans (IRAs) as "non-ERISA plans" or containing "non-ERISA assets." *ASA*, 2023 WL 1967573, at *16; *see also id.* at * 17 ("after the rollover, any future advice will be with respect to *a new non-ERISA plan, such as an IRA* that contains new assets from the rollover.") (emphasis added). As explained at length in the briefing and argument before this Court, both Title I and Title II were enacted as parts of ERISA in 1974, both include identical "fiduciary" definitions, and since 1984 both have been subject the Department's regulatory and interpretive authority. Title II plans are therefore ERISA plans, not "non-ERISA" plans.

basis for investment decisions regarding plan assets, and resulting in any compensation for the transaction.  While recommendations to roll over money from a Title I ERISA plan to a Title II ERISA plan are less likely to satisfy the 1975 regulation's five-part test under the ASA court's holding (because the advisor may not be giving advice on a regular basis to the particular ERISA plan), the Department's interpretation of other elements of the 1975 regulation remains sound.

4.  Moreover, the ASA court's narrow vacatur does not implicate the Department's interpretation that the regular basis test can be satisfied in circumstances where an investment professional is providing advice for the first time to a retirement investor, *i.e.* where there is no pre-existing relationship prior to the advice in question.  *See* AR 1351 ("Similarly, when the investment advice provider has not previously provided advice but expects to regularly make investment recommendations" to the retirement investor, the first instance of advice may be "the start of an advice relationship that satisfies the regular basis requirement.").  Indeed, the ASA court recognized that "an offer to provide future advice may, as the Department suggests, be the beginning of a relationship." 2023 WL 1967573, at 17.  Only when the expected future advice is to *another plan*, and not to "that [same] ERISA plan" does the ASA court's vacatur apply.  *See id.* * 17.  FACC's argument that ERISA fiduciary status requires the existence of a prior relationship at the time the relevant advice is furnished, *see, e.g.,* FACC Reply Br. at 24-25, ECF No. 48, fails for the reasons identified by the Department in its briefing.  *See* Defs.' Br. at 45-47; Defs.' Reply at 14-15.

|  |  |
|---|---|
| Dated: June 9, 2023 | Respectfully submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/ Alexander N. Ely*
GALEN N. THORP
Senior Trial Counsel
ALEXANDER N. ELY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC  20005
Tel: (202) 993-5177 / Fax: (202) 616-8470
galen.thorp@usdoj.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

*/s/ Alexander N. Ely*
Alexander N. Ely